IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANKERS STANDARD INSURANCE COMPANY<br>436 Walnut Street<br>Philadelphia, Pennsylvania 19106<br><br>       Plaintiff,<br>v.<br><br>ENVIROSTAR CORPORATION<br>50 Fields Lane<br>Brewster, New York 10509<br><br>       Defendant. | : CIVIL ACTION<br>: NO.:<br>:<br>:<br>:<br>:<br>:<br>: COMPLAINT<br>:<br>:<br>:<br>:<br>: |

Plaintiff, Bankers Standard Insurance Company, as and for its claim for relief against the defendant, Envirostar Corporation, states:

1. Plaintiff Bankers Standard Insurance Company ("Bankers") is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, which maintains its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

2. Defendant Envirostar Corporation ("Envirostar") is, upon information and belief, a corporation organized and existing under and by virtue of the laws of the State of New York, which maintains its principal place of business at 50 Fields Lane, Brewster, New York 10509.

3. This Court's jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. §1332, in that the plaintiff and defendant are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4. Prior to February 18, 2016, Bankers issued its insurance policy number 0268021475 (the "Subject Policy"), which insured certain real and personal property owned by Marcus and Christine Lovett (the "Lovetts") located at 31 Friend Lane, Carmel, New York (the "Subject Premises").

5. At all times material, Envirostar was engaged in the business of, among other things, decommissioning of underground fuel storage tanks.

6. Prior to February 18, 2016, the Lovetts engaged Envirostar to, among other things, uncover, cut, clean and fill in place a 1,000 gallon underground storage tank located adjacent to their house at the Subject Premises.

7. On February 18, 2016, while engaged in cutting the metal fill pipe associated with the above-referenced underground storage tank, the employees of Envirostar ignited a fire which caused substantial destruction of and damage to real and personal property located on the Subject Premises (the "Subject Fire").

8. In addition to causing substantial destruction and damage to the real and personal property located on the Subject Premises, the Subject Fire caused the Lovetts to incur other damages, costs and expenses.

9. The Lovetts duly made claim under the Subject Policy for damages resulting from the Subject Fire, and Bankers has made payment to the Lovetts for such damages in the amount of $613,034.50.

10. Under and pursuant to the terms of the Subject Policy, and otherwise by operation of law, and to the extent of the payments that Bankers had made under the Subject Policy, Bankers is subrogated to the Lovetts' right to pursue legal action against Envirostar for the damages which resulted from the Subject Fire.

## COUNT I

11. Bankers restates and re-alleges paragraphs 1 through 10, above.

12. Envirostar, through its duly authorized representative, John Cahill of Berkley Specialty Underwriting, agreed to settle Bankers' subrogation claim against it by paying $440,000 to Bankers, in return for a fully-executed Release in a form specified by Mr. Cahill.

13. Bankers tendered the duly-executed Release to Mr. Cahill on October 31, 2017, and yet Envirostar or its representatives in this matter have failed to tender the agreed-upon settlement funds in the required form, despite repeated demands, in violation of the parties' agreement.

WHEREFORE, plaintiff demands judgment against defendant in the amount of $440,000, together with interest thereon at 9 per cent per annum from October 31, 2017, and attorney's fees, together with such other and further relief as the Court deems appropriate.

## COUNT II

14. Bankers restates and re-alleges paragraphs 1 through 13, above.

15. In the alternative, by failing to comply with a material term of the parties' settlement agreement, Envirostar has nullified the agreement and the Release Bankers' tendered pursuant thereto, and is subject to the claim set forth in this Count and Count III below.

16. By undertaking to perform the work described in paragraph 6, above, Envirostar impliedly warranted that its work would be performed in a safe, proper and workmanlike fashion, and in conformance with the governing and generally accepted standards and practices in its trade.

17. Envirostar breached the implied warranties referenced in paragraph 16, above, and as a result of such breach, the Subject Fire and resulting damages occurred.

WHEREFORE, plaintiff Bankers Standard Insurance Company demands judgment against defendant Envirostar Corporation for such damages as will be proven at trial together with pre and post-judgment interest thereon as provided by law and costs of this action.

## COUNT III

18. Bankers restates and re-alleges paragraphs 1 through 17, above.

19. The Subject Fire, and the resulting damages, as alleged in paragraphs 7 and 8, above, were the direct and proximate result of the negligence of Envirostar and its agents and employees, including but not limited to failing to exercise reasonable care while cutting a metal fill pipe in close proximity to combustible materials, and in otherwise failing to exercise reasonable care under the circumstances.

WHEREFORE, plaintiff Bankers Standard Insurance Company demands judgment against defendant Envirostar Corporation for such damages as will be proven at trial together with pre and post-judgment interest thereon as provided by law and costs of this action.

COZEN O'CONNOR

By: _____
Daniel Q. Harrington (DH0413)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: 215-665-2126
Fax: 215-253-6782
E-mail: dharrington@cozen.com

LEGAL\33673853\1